13-2225-cv
Penfield v. Colvin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fourteen.

Present:
    RALPH K. WINTER,
    BARRINGTON D. PARKER,
    PETER W. HALL,
        *Circuit Judges.*

_____

SHARON PENFIELD,

        *Plaintiff-Appellant,*

      v.                                                            No. 13-2225-cv

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

        *Defendant-Appellee.*\*

_____

FOR APPELLANT:          Jaya A. Shurtliff, Stanley Law Offices, Syracuse, NY.

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

1

FOR APPELLEE:     Sandra M. Grossfeld, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel – Region II, Office of the General Counsel Social Security Administration *of counsel*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Sharon Penfield appeals from the district court's April 16, 2013 judgment affirming the decision of the Commissioner of Social Security to deny Penfield social security disability benefits. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specific issues on appeal.

In deciding an appeal from a denial of disability benefits, we "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). Substantial evidence requires "more than a mere scintilla" of evidence; "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[,] . . . [b]ut it is still a very deferential standard of review – even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448-49 (2d Cir. 2012) (per curiam) (internal citations, emphases, and quotation marks omitted).

2

Penfield argues that the Administrative Law Judge ("ALJ") who heard her case erred in his residual functional capacity ("RFC") determination that, despite her impairments, she retained the ability to perform a full range of sedentary work between November 2000 and December 31, 2005 (the "relevant period").[1]  First, the ALJ afforded the March 2010 opinion of Dr. Kamlesh Desai "[l]ittle weight" because, *inter alia*, "[t]he severity [of Penfield's impairments] reported by this treating physician . . . [wa]s inconsistent with the medical evidence for the period at issue."  "Although the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician, the opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record . . .." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal citation omitted); *see also* 20 C.F.R. § 404.1527(c)(2).  Dr. Desai's March 2010 opinion that Penfield could not sit for more than six hours or stand for more than two hours out of an eight-hour work day during the November 2000 to December 2005 time period was at odds not only with his own September 2002 opinion describing her "work tolerance" as "full time," but also with the substantial medical evidence from that relevant period.  That evidence generally indicated that although Penfield suffered from several musculoskeletal conditions, those conditions

---

[1] The applicable regulations explain that "sedentary work" involves "lifting no more than 10 pounds at a time," "sitting," and a "certain amount of walking or standing."  20 C.F.R. § 404.1567(a).  The Social Security Administration has further explained that at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.  *See Determining Capability To Do Other Work—Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*, 61 Fed. Reg. 34478, 34480 (Social Security Admin. July 2, 1996).

prevented her only from "crawling," "walking stairs," and repetitive activities involving "bending," "lifting," or "twisting." As the ALJ correctly observed, none of these limitations "preclude [Penfield's] engagement in at least sedentary exertion." Moreover, this medical evidence supported the opinion of Dr. John Buckner – a one-time medical examiner – thus justifying the greater weight the ALJ afforded Dr. Buckner's opinion.

Second, although the ALJ was "required to take [Penfield's] reports of pain and other limitations into account" when making the RFC determination, he was "not required to accept [her] subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal citations omitted). Instead, the ALJ had discretion to weigh the credibility of Penfield's testimony "in light of the other evidence in the record." *Id.* (citation omitted). Here, the ALJ did just that. After extensively detailing the medical evidence and Penfield's testimony, the ALJ afforded her statements only "partial credibility" because "they were inconsistent with the objective evidence in the record." Our independent review of the administrative record supports the ALJ's credibility determination. For example, while Penfield testified that her constant pain prevented her from standing for more than five minutes without leaning against something or dressing herself without assistance, her treating physician consistently prescribed a "conservative treatment" regimen that consisted of "walking[,] home exercise program[s]," and "gentle stretching." In addition, Penfield's testimony that she could not sit for more than five minutes at a time during the relevant period and that the combination of her pain and the medications she took for that pain made her unable to concentrate is inconsistent with the fact that, during that same time, she

4

successfully completed a computer training course that required her to take four-hour classes three days per week.

We have considered all of Penfield's remaining arguments and find that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk